UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6:19-CR-41-CHB-CJS-1 |
| Plaintiff, ) | |
| ) | Civil Action No. 6:23-CV-85-CHB-CJS |
| v. ) | |
| ) | |
| JOHN D. HELTON, ) | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |
| ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation (hereinafter, "Recommendation") of United States Magistrate Judge Candace J. Smith, [R. 224]. In the Recommendation, the Magistrate Judge addresses Defendant John D. Helton's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, [R. 212], and recommends denying the motion. *See* [R. 224]. The Recommendation was entered on November 25, 2024. *Id.* Defendant Helton filed objections to the Recommendation, [R. 225].[1] For the reasons set forth herein, the Court will overrule Helton's objections, *id.*, adopt the Magistrate Judge's Recommendation, [R. 224], and deny Helton's Motion to Vacate, Set Aside, or Correct Sentence, [R. 212].

---

[1] Helton signed this filing on December 9, 2024, and states that he delivered the filing to prison authorities on that date. [R. 225, p. 6]. Therefore, under the "prison-mailbox" rule, the Court will deem Helton's objections as timely filed on that date. *See Millhouse v. Jones*, No. 18-125-DLB-HAI, 2020 WL 1042513, at *1 n.2 (E.D. Ky. Mar. 4, 2020) ("Under the prison-mailbox rule, a prisoner's filings, including objections, are deemed filed when 'delivered to the proper prison authorities for forwarding to the district court.'" (quoting *Walker v. City of Lakewood*, 35 F.3d 567 (Table), 1994 WL 462137, at *1–2 (6th Cir. 1994))); *Coleman v. Henderson*, No. 23-3900, 2024 WL 3687783, at *2 (6th Cir. May 15, 2024); *Gaddie v. Knight*, No. 5:24-CV-P36-JHM, 2024 WL 3444137, at *1 n.1 (W.D. Ky. July 17, 2024) ("Under the mailbox rule, a prisoner's document is deemed filed when presented to prison officials for mailing." (citing *Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002))). The United States has not put forward any arguments disputing the timeliness of Helton's objections.

I. **BACKGROUND**

The Magistrate Judge ably laid out the relevant facts in the Recommendation. [R. 224]. Rather than reviewing all these facts anew, the Court will address the factual background of this case only to the extent necessary to rule on Helton's Objections to the Recommendation, [R. 225].

On August 21, 2020, Helton was "convicted by a jury of conspiracy to distribute 50 grams or more of methamphetamine, knowingly possessing a firearm in furtherance of drug trafficking, possession with intent to distribute more than 50 grams of methamphetamine, and knowingly possessing a firearm as a convicted felon." [R. 224, pp. 2–3]; *see* [R. 144 (Jury Verdict)]. On February 9, 2021, he was sentenced to 264 months imprisonment, followed by ten years of supervised release. [R. 172 (Judgment)]. On appeal, the Sixth Circuit affirmed Helton's conviction. *See United States v. Helton*, 35 F.4th 511, 515 (6th Cir. 2022).

Helton filed the instant § 2255 motion on May 9, 2023. [R. 212]. In his motion, Helton raises three claims, all of which are based on ineffective assistance of counsel: (1) his counsel, Travis Rossman, failed to request a *Franks* hearing to challenge the accuracy of Deputy Samuel Mullins's statements in the affidavit of the search warrants, *id.* at 4–18; (2) his counsel did not object to witnesses being held in the same cell, despite the Court invoking the rule of sequestration under Federal Rule of Evidence 615, *id.* at 18–20; and (3) his counsel failed to raise an objection at sentencing based on his base offense level calculation related to the purity of the methamphetamine, *id.* at 20–22;[2] *see also* [R. 224, p. 3]. The United States responded in opposition. [R. 219]. The Magistrate Judge reviewed the motion and determined that Helton could not demonstrate the deficient performance by attorney Rossman or prejudice to himself necessary to prevail on any of the three claims raised in his motion. *See generally* [R. 224]. While the Court

---

[2] Helton does not object to the Magistrate Judge's finding on the third argument related to his base offense level, so the Court does not analyze the Magistrate Judge's finding as to this argument.

did address the merits of his second and third arguments, the Court also noted that Helton procedurally defaulted on these two claims, since he failed to raise them on direct appeal, and he did not show "cause or prejudice," or argue that "he is actually innocent of his conviction." *Id.* at 9–11. The Magistrate Judge ultimately recommended denial of Helton's motion and further recommended that no certificate of appealability be issued. *See generally id.* Helton filed objections to the Recommendation, [R. 225], and the matter is ripe for review.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(B), a district court judge may designate a magistrate judge to submit findings of fact and recommendations on applications for post-trial relief made by individuals convicted of criminal offenses. Federal Rule of Civil Procedure 72(b)(2) gives a petitioner fourteen days after service to file objections to a Magistrate Judge's report and recommendations. Fed. R. Civ. P. 72(b)(2). This Court must make a *de novo* determination of dispositive matters to which specific objections are made. Fed. R. Civ. P. 72(b)(3); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection, which preserves the issue for appeal, "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 1997) (alteration in original) (citation omitted). Courts need not conduct *de novo* review of general objections that fail to identify specific factual or legal issues, because it duplicates the Magistrate Judge's efforts and wastes judicial economy. *Howard v. Sec. of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see Deshawn F. v. Comm'r of Soc. Sec.*, No. 3:21-cv-631-RGJ-CHL, 2023 WL 2646308, at *2 (W.D. Ky. Mar. 27, 2023).

Courts construe *pro se* filings more leniently than those prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts do not have "an affirmative duty . . . to scrutinize *pro*

*se* [pleadings] to determine whether there is a cause of action other than the one pleaded by the [*pro se* litigant] that is more advantageous to him." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Further, a *pro se* litigant must still comply with court rules and procedural requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Tobias v. State*, No. 18-1892, 2018 WL 8969133, at *1 (6th Cir. Dec. 17, 2018).

**III.   ANALYSIS**

Helton, through numbered paragraphs, sets forth eleven "objections" to the Magistrate Judge's Recommendation, and the Court finds it most efficient to sort the objections by subject matter and address them accordingly. *See generally* [R. 225]. First, the Court notes that paragraphs 7, 8, and 9 do not appear to be objections, so the Court will not address them as such. *See id.* at 4 (¶¶ 7–9). For example, in these paragraphs, Helton explains that he "is not calling into question Counsel's strategy tactics," is "using the trial transcripts to show and verify the proof of the deficient performance by counsel," and "is also not trying to relitigate anything." *Id.* Moreover, Helton covers these points in more detail in his other objections, *id.* at 2, 4–5 (¶¶ 4, 5, 10(a), 11(a)), and the Court reviews those objections de novo below and finds them to be without merit.

As explained in more detail below, Helton's objection in paragraph 3 appears to be premised on a misunderstanding of the Magistrate Judge's report, *id.* at 2 (¶ 3), and paragraph 4 constitutes a general objection which the Court will not consider, *id.* (¶ 4). That leaves two categories of objections that the Court will review de novo: paragraphs 1, 2, 5(a), 10, and 11, which relate to Helton's claim regarding Rossman's failure to request a *Franks* hearing, *id.* at 1–5 (¶¶ 1, 2, 5(a), 10, 11); and paragraph 5(b), which concerns Helton's claim regarding Rossman's failure to object to a violation of the Court's sequestration order under Federal Rule of Evidence 615, *id.* at 3 (¶ 5(b)).

Before turning to these objections, the Court briefly reviews the legal standard for an ineffective-assistance-of-counsel claim. Such claims are governed by the standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). When assessing an ineffective-assistance-of-counsel claim, the Court must consider "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. To establish Helton has been deprived of effective assistance, he must show that counsel's performance was both constitutionally deficient and prejudicial. *Id.* at 687.

To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* (internal quotation marks omitted). A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms . . . considering all the circumstances." *Id.* at 687–88. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. When assessing counsel's performance, the Court must make "every effort . . . to eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time." *Id.* The tactical decisions of a defendant's trial counsel are presumed to be part of sound trial strategy and therefore will not be subject to a successful attack, absent a defendant overcoming such presumption. *Darden v. Wainwright*, 477 U.S. 168, 185–87 (1986).

To prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Id.* Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

The movant must satisfy both prongs of the *Strickland* analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697).

The Court will now address each group of objections in turn.

### A. Paragraph 3

Citing to page 18 of the Recommendation, Helton objects to the Magistrate Judge's recommendation that "Helton's related collateral civil proceeding be dismissed and stricken from the active docket of this Court." [R. 224, p. 18 (Ordering ¶ 3)]; [R. 225, p. 2 (¶ 3)]. He alleges that he "was never served with a forfeiture order for the U.S. Currency." [R. 225, p. 2 (¶ 3)]. Upon review, the Court believes that Helton has misunderstood the Magistrate Judge's Recommendation regarding dismissal of the corresponding civil action. Whenever a § 2255 motion is filed with the Court, a civil action is docketed, but all filings are entered in the existing criminal case for that defendant. There is no separate civil forfeiture action, as Helton mentions, and the only existing civil case in this matter is the corresponding civil case for this § 2255 motion, which Judge Smith recommended be dismissed. *See* [R. 224]. Accordingly, to the extent that Helton objects to Judge Smith's Recommendation that the corresponding civil action be dismissed, that objection is overruled.

### B. Paragraph 4

- 6 -

Helton next contends that his former counsel should have requested a *Franks* hearing, and because he did not, Helton's "Due Process [r]ights were violated." [R. 225, p. 2 (¶ 4)]. He states, "Mr. Rossman's action by not requesting said hearing fell below objective standard of reasonableness and Counsels (sic) Deficient performance prejudiced the defendant." *Id.* This paragraph appears to be a general objection that does not identify any specific objection to Judge Smith's Recommendation—such as that "the magistrate judge misapplied a legal standard, ignored a crucial fact, or missed an important case"—and merely rehashes an argument presented in his original § 2255 motion, [R. 212], about Helton's former counsel. *See Trumbo v. Bottom*, No. 13–275–ART, 2015 WL 5063766, at *2 (E.D. Ky. Aug. 26, 2015). As such, the Court will not consider it. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995))); *see also Young v. Jackson-Mitchell*, No. 19-3904, 2020 WL 1481615, at *2 (6th Cir. Feb. 12, 2020) (first citing *Miller*, 50 F.3d at 380; then citing *Cole*, 7 F. App'x at 356); *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely." (citing *Howard*, 932 F.2d at 509)). Moreover, the Court reviews the Magistrate Judge's recommendation on this issue in relation to Helton's other more specific objections, and finds the Magistrate Judge's analysis to be sound, as discussed below. *See infra* Section III.D.

### C.      Paragraph 6

In paragraph 6, Helton argues that "Counsel did not file for Writ of Certiorari with the Supreme Court," which proves that his former counsel was ineffective. [R. 225, p. 3 (¶ 6)]. In

his § 2255 motion, Helton summarized the procedural background of his case and briefly mentioned that no writ of certiorari was ever filed on his behalf, [R. 212, p. 3], but he did not present this as an argument in his "Statement of Claims" for the Magistrate Judge to consider. *See id.* at 3–22. In *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), the Sixth Circuit reasoned:

> Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.

*Id.*; *see also Asadi-Ousley v. Fender*, No. 22-3393, 2022 WL 16545511, at *2 (6th Cir. Aug. 17, 2022) ("[T]he district court was not required to address an argument that [the prisoner] raised for the first time in his objections to the report and recommendation." (citation omitted)); *United States v. Combs*, 6:18-cr-00003-GFVT-MAS, 2021 WL 1202064, at *4 (E.D. Ky. Mar. 29, 2021) (finding a claim not entitled to de novo review because it "was not properly raised before the Magistrate Judge but, instead, was raised for the first time in his objections to the Report and Recommendation" (citation omitted)); *Vasquez v. Adams*, No. 3:19-cv-756-BJB-HBB, 2021 WL 2697543, at *4 (W.D. Ky. June 30, 2021) ("[A]llowing parties to develop some arguments before the magistrate judge and others before the district judge would undermine the benefits of Congress' decision to require specific objection to [reports and recommendations]."). Therefore, because Helton did not raise this objection before the Magistrate Judge, the Court will not address it and overrules the objection in paragraph 6. Even if the Court considered this argument on the merits, it would still overrule this objection because counsel's decision not to appeal Helton's case to the Supreme Court does not constitute conduct sufficient to prove his ineffective-assistance-of-counsel claim. *See Harper v. United States*, 792 F. App'x 385, 391 (6th Cir. 2019) ("'Because defendants are not constitutionally entitled to the assistance of counsel in preparing petitions for

certiorari,' which means that even the failure to file a petition for certiorari cannot amount to constitutionally ineffective assistance of counsel, counsel's performance at this stage cannot be constitutionally ineffective." (quoting *Nichols v. United States*, 563 F.3d 240, 242 (6th Cir. 2009) (en banc))).

### D.     Paragraphs 1, 2, 5(a), 10, and 11

The bulk of Helton's objections relate to Rossman's failure to request a *Franks* hearing.[3] *See generally* [R. 225]. Specifically, Helton takes issue with two pieces of evidence included in Deputy Mullins's affidavit in support of the search warrant—an unidentified confidential informant and a baggie with residue allegedly found on Helton's person. *See, e.g.*, *id.* at 1–2 (¶¶ 1–2); *see also Helton*, 35 F.4th at 518 (explaining the evidence upon which the search warrant was based). Helton argues that Rossman's failure to request a *Franks* hearing "is grounds for ineffective assistance" of counsel, since a hearing would have exposed Deputy Mullins's allegedly false statements or omissions in the affidavit and proven that "the search warrant lacked [probable] cause." [R. 225, pp. 4–5 (¶¶ 10–11) (cleaned up)]. It is unclear whether Helton is claiming that Deputy Mullins included a materially false statement or made a material omission, or both. *See id.* at 4 (¶ 10(a)) ("Deputy Mullins made a false statement on the affidavit."); *id.* at 5 (¶ 11(a)) ("[T]he omission [in the search warrant affidavit] is critical to finding probable cause and to establish any nexus to [ ] Helton[']s residence."). Thus, the Court will discuss the standards for both a false statement and an omission in an affidavit.

A defendant challenging an affidavit in support of a search warrant "bears a heavy burden." *See May-Shaw v. United States*, No. 1:22-cv-479, 2024 WL 4143024, at *7 (W.D. Mich. Sept. 11,

---

[3] "A *Franks* hearing is an evidentiary hearing during which defendants are allowed to present evidence concerning the veracity of the challenged statements in the search warrant affidavit." *United States v. Kelley*, 596 F. Supp. 2d 1132, 1149 (E.D. Tenn. 2009), *aff'd*, 459 F. App'x 527 (6th Cir. 2012) (citations omitted); *Franks v. Delaware*, 438 U.S. 154 (1978).

2024) ("A defendant challenging the validity of a search warrant's affidavit bears a heavy burden." (quoting *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2009))). Affidavits that support search warrants are entitled to a presumption of validity. *Bateman*, 945 F.3d at 1008 (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). To be entitled to a *Franks* hearing to challenge the veracity of the statements in such an affidavit, the defendant must

> 1) make[ ] a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit; and 2) prove[ ] that the false statement or material omission is necessary to the probable cause finding in the affidavit.

*Id.* (alterations in original) (quoting *United States v. Young*, 847 F.3d 328, 348–49 (6th Cir. 2017)). An officer's statement is made with reckless disregard for the truth only if the defendant can show that the officer "subjectively entertain[ed] serious doubts as to the truth of his [or her] allegations." *Id.* (alterations in original) (internal quotations and citations omitted).

When it comes to omissions, a defendant's burden is even higher. *See Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998); *see also United States v. Hampton*, 760 F. App'x 399, 404 (6th Cir. 2019). "A *Franks* hearing may be merited when facts have been omitted in a warrant application, but only in rare instances." *Mays*, 134 F.3d at 815. The Sixth Circuit has made clear that while omissions are not immune from a *Franks* inquiry, they are "much less likely to merit a *Franks* hearing than are affidavits including allegedly false statements." *Id.* (citing *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997)). "When there is a material omission of fact, a *Franks* hearing is granted only if the defendant 'makes a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause.'" *Hampton*, 760 F. App'x at 404 (emphasis in original) (quoting *Mays*, 134 F.3d at 816). The justification for this heightened standard is well-founded: allowing every omission to warrant a *Franks* hearing would allow every affidavit ever submitted to be

questioned. *Mays*, 134 F.3d at 815 (citation omitted). Finally, for both false statements and material omissions, "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no [*Franks*] hearing is required." *Bateman*, 945 F.3d at 1008 (cleaned up) (quoting *Franks*, 438 U.S. at 171–72).

Despite the repetitive and conclusory nature of Helton's objections concerning Rossman's failure to request a *Franks* hearing, the Court has reviewed this issue de novo and agrees with Judge Smith's finding that "it was not unreasonable for Attorney Rossman to forego seeking a *Franks* hearing because no evidence in the record indicated that the Court would grant one." [R. 224, p. 7]. First, the Court notes that Helton's objections in paragraphs 1, 2, 5(a), 7, 10, and 11 contain arguments raised in his § 2255 motion before the Magistrate Judge. "Objections that merely state disagreements with the magistrate judge's conclusion or restate arguments previously presented to the magistrate judge are [ ] improper." *United States v. Davis*, 421 F. Supp. 3d 433, 440 (E.D. Ky. 2019), *aff'd*, No. 20-5835, 2021 WL 5782360 (6th Cir. Dec. 7, 2021) (citations omitted). Therefore, because these objections merely rehash arguments brought before the Magistrate Judge, the Court could end its inquiry here. *See Monk v. United States*, Nos. 3:12-CR-120-CHB-CHL, 3:15-CV-126-CHB-CHL, 2020 WL 3604994, at *9 (W.D. Ky. July 2, 2020) ("'Objections that are merely recitations of the identical arguments that were before the magistrate judge do not constitute specific written objections to the proposed findings and recommendations,' and the Court is therefore 'not obligated to address' such objections." (quoting *England v. Comm'r of Soc. Sec.*, No. 15-12818, 2016 WL 5939288, at *3 (E.D. Mich. Oct. 13, 2016))); *Thomas v. Dep't of Health & Hum. Servs.*, No. 2:17-CV-02264-SHM, 2017 WL 4839076, at *3 (W.D. Tenn. Oct. 26. 2017) (citing *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb.

25, 2008)) (denying an objection that merely rehashed arguments already considered in the Report and Recommendation).

Nevertheless, the Court still examines Helton's objections on this issue and agrees with the Magistrate Judge's Recommendation. Helton claims that he was entitled to a *Franks* hearing to determine the sufficiency of the issued warrant "without said reliable source or this alleged clear baggie of residue." [R. 225, p. 3 (¶ 5(a)) (internal quotation marks omitted)]. This allegation, however, is insufficient to establish that Deputy Mullins made the omission with the intent to mislead the issuing magistrate, or that he "knowingly and intentionally, or with reckless disregard for the truth, included a false statement" in the affidavit. *Bateman*, 945 F.3d at 1008 (quoting *Young*, 847 F.3d at 348–49). As Judge Smith determined, "Helton has not identified any evidence that indicates Deputy Mullins intentionally excluded critical information to obtain a warrant, and that excluded information was critical to the finding of probable cause." [R. 224, pp. 7–8]. Helton points to the lack of production of the reliable source or the baggie during trial and assumes that because these pieces of evidence could not be produced, a *Franks* hearing would have proven that they do not exist. *See* [R. 225, pp. 4–5]. But that bare assumption does not constitute evidence of Mullins's intention to include a false statement or omission in the affidavit, nor does it show that any "false statement or material omission [was] necessary to the probable cause finding in the affidavit." *Bateman*, 945 F.3d at 1008 (quoting *Young*, 847 F.3d at 348–49) (internal quotation marks omitted). As Judge Smith noted in the Recommendation, "[w]ithout further proof of Mullins's false statements or omissions, a motion for a *Franks* hearing would not have been successful." [R. 224, p. 8 (internal quotation marks omitted)]. And without a meritorious argument as to his entitlement to a *Franks* hearing, Helton's "counsel therefore cannot be ineffective for failing to raise it." *Id.* The same is true upon review by this Court. Helton has put forward no

evidence of Mullins's intent when drafting the affidavit, and he has not pointed to evidence or made a "substantial preliminary showing" of a false statement or identified any evidence that Deputy Mullins *intentionally* excluded that was critical to the finding of probable cause. *See Bateman*, 945 F.3d at 1008 (quoting *Young*, 847 F.3d at 348–49); *Hampton*, 760 F. App'x at 404 (quoting *Mays*, 134 F.3d at 816). Additionally, Rossman *did* put forward these arguments about the sufficiency of the evidence in a detailed Motion to Suppress, which this Court previously ruled on.[4] *See* [R. 43 (Motion to Suppress)]; [R. 43-1 (Memorandum in Support)]; [R. 71 (Order denying Motion to Suppress)]. Therefore, because Helton has not carried his burden on this issue, the Court does not find that attorney Rossman acted unreasonably by not requesting a *Franks* hearing on the issue and instead filing a Motion to Suppress.

Further, Judge Smith explained that "even if Attorney Rossman performed deficiently by failing to request a *Franks* hearing, Helton cannot show that he was prejudiced by that failure." [R. 224, p. 8]. In order to show prejudice, there must be a "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Here, the Court agrees with Judge Smith's finding that Helton cannot show prejudice.[5] As explained, "Attorney Rossman extensively cross-examined Deputy Mullins at trial and was able to challenge his credibility with respect to the residue and money that Mullins relied on to obtain the search warrant." [R. 224, p. 8 (citing [R. 187, pp. 123:5–129:14])]. Indeed,

---

[4] The Court acknowledges that many of Helton's objections are rehashed arguments made in this Motion to Suppress that have been repackaged as ineffective-assistance-of-counsel arguments.

[5] In paragraph 11, Helton mentions Judge Smith's statement about the unavailability of Deputy Mullins's trial testimony when Rossman decided not to request a *Franks* hearing. In particular, Helton asks: "Is it true the (sic) that the Courts concede that a *Franks* Hearing would have been required by the lack of evidence, the clear baggie, which did not actually exist?" [R. 225, p. 5 (¶ 11) (emphasis added) (internal quotation marks omitted)]. The Court determines that this is not a valid objection and will not consider it. To the extent Helton suggests that the Magistrate Judge was ruling that a *Franks* hearing would have been required, the Magistrate Judge made no such ruling. Instead, the Magistrate Judge pointed out that his former counsel could not have used Deputy Mullins's *trial* testimony to support a *pretrial* motion requesting a *Franks* hearing. *See* [R. 224, p. 7].

the jury—the ultimate fact finder in this case—still heard Helton's arguments about perceived inconsistencies in Deputy Mullins's affidavit and made its own credibility determination as to those claims. In addition, Rossman also raised these very issues with the Court when challenging the Motion to Suppress, albeit not in a *Franks* hearing. *See* [R. 43]; [R. 43-1]. Rossman very vigorously litigated the issues raised in the Motion to Suppress—both before the trial, *see* [R. 43-1], and on appeal, *see Helton*, 35 F.4th at 517–22—and the Court will not second guess his litigation strategy. *See Strickland*, 466 U.S. at 689; *Darden*, 477 U.S. at 185–87. As a result, the Court agrees with Judge Smith's finding that Helton has not presented a reasonable probability that, but for Rossman's failure to request a *Franks* hearing, the outcome of this case would have been different, in order to show prejudice. *See Strickland*, 466 U.S. at 694. Therefore, because Helton has not shown deficient performance or prejudice from Rossman's failure to request a *Franks* hearing, the Court overrules his objections concerning this claim.

      E.      **Paragraph 5(b)**

The Court finally considers Helton's objection concerning his former counsel's failure to object to witnesses being held in the same cell. *See* [R. 225, p. 3 (¶ 5(b))]. Helton argues that this failure to object—after Helton requested that Rossman do so—not only proves that his counsel was ineffective, but it also shows that he was "clearly prejudiced" by the decision. *Id.*

The Court first turns to the Magistrate Judge's finding that "Helton has procedurally defaulted" on this claim because he did not raise it directly on appeal.[6] [R. 224, pp. 9–11]. While the Court agrees that Helton's objection to the witnesses being held in the same cell has been procedurally waived for the reasons stated in the Recommendation, *see id.*, Helton's ineffective-assistance-of-counsel claim on this ground has not. *See United States v. Torres*, No. 6:17-CR-40-

---

[6] Helton did not object to the Magistrate Judge's finding that he "procedurally defaulted" on this claim, [R. 224, pp. 9–11].

CHB-9, 2022 WL 983146, at *5 (E.D. Ky. Mar. 30, 2022) ("[T]he 'failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.'" (quoting *Massaro v. United States*, 538 U.S. 500, 509 (2003))).

Under Federal Rule of Evidence 615, "[a]t a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony. Or the court may do so on its own." Fed. R. Evid. 615(a); *see also United States v. Reynolds*, 534 F. App'x 347, 365 (6th Cir. 2013). As Judge Smith explained, to date, "the Sixth Circuit has not interpreted Rule 615 to reach outside of the courtroom." [R. 224, p. 12 (citing *United States v. Gravley*, 587 F. App'x 899, 916 (6th Cir. 2014))]; *see also United States v. Martin*, 516 F. App'x 433, 448 (6th Cir. 2013) ("And although this court is yet to take a position [on Rule 615's effects outside the courtroom] . . . we find it unnecessary to resolve the issue today." (citations omitted)). Moreover, the trial court retains great discretion over potential violations of sequestration orders. *See United States v. Smith*, 706 F. App'x 241, 247 (6th Cir. 2017) ("[T]he district court has broad discretion in enforcing sequestration orders. . . ."); *id.* ("[T]he district court is vested with considerable discretion in determining whether to permit a witness to testify despite violation of a sequestration order."). Indeed, "[a] witness who violates a sequestration order is not automatically barred from testifying[,] [and] [a] district court may minimize the impact of a violation of a sequestration order by allowing the aggrieved party to cross-examine the witness about the violation." *Id.* at 245 (citations omitted). "And even an express violation would require a showing 'that the Government consented to or had knowledge of the witnesses' coordination of testimony' and that the defendant was prejudiced thereby, neither of which [the defendant] has made." *Gravley*, 587 F. App'x at 916 (quoting *Martin*, 516 F. App'x at 448).

Here, just as the Magistrate Judge found, Helton's argument fails for multiple reasons. First, "[b]ecause the rule was not violated when the witnesses were held in the same cell, it was not deficient performance for Attorney Rossman not to object." [R. 224, p. 12 (citation omitted)]. While Helton believes that Rule 615 prevents *any* contact between witnesses, inside or outside the courtroom, the Sixth Circuit has never held that to be so. *See Gravley*, 587 F. App'x at 916; *see also Martin*, 516 F. App'x at 448. Indeed, Helton presents no evidence that any witness was in the courtroom to hear another witness's testimony, which could constitute a violation of Rule 615. Without evidence that Rule 615 was violated, the Magistrate Judge correctly determined that Helton's former counsel cannot be deemed ineffective for failing to object. [R. 224, p. 12]. Second, "even if the witnesses had expressly violated Rule 615, their testimony would likely still [have been] admitted" at trial. *Id.* This is because Helton has not made an adequate showing "'that the Government consented to or had knowledge of the witnesses' coordination of testimony' and that [he] was prejudiced." *See Gravley*, 587 F. App'x at 916 (quoting *Martin*, 516 F. App'x at 448). Helton does not point to any evidence that the Government was even aware of any discussions between the witnesses and largely repeats the arguments presented in his § 2255 motion before the Magistrate Judge.[7] *See* [R. 212, pp. 18–20]. Helton has made no attempt to make this showing and is therefore not entitled to relief on this issue.

Lastly, as Judge Smith determined, "even if Attorney Rossman performed deficiently by not objecting to the violation of Rule 615, Helton cannot show that he was prejudiced." [R. 224, p. 13]. This is because Helton cannot show a "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As noted above, a violation of Rule 615 does not automatically preclude a witness from

---

[7] Helton's argument that the government's violation of Rule 615 amounted to "prosecutorial misconduct," [R. 212, p. 19], fails for the same reason—there was no violation of the Rule.

- 16 -

testifying. *Smith*, 706 F. App'x at 245. Rather, if a violation occurs, a court may "minimize the impact of a violation of a sequestration order by allowing the aggrieved party to cross-examine the witness about the violation." *Id.* (citations omitted). Here, as Judge Smith pointed out, "Attorney Rossman did just that, cross-examining the witnesses about the contact they had with each other prior to their testimony at Helton's trial." *See* [R. 224, p. 13 (first citing [R. 204, pp. 40:19–41:5]; then citing [R. 187, pp. 39:6–13, 41:3–23, 44:1–17]; then citing [R. 204, p. 46:6–12])]. By allowing Rossman to cross-examine the relevant witnesses about a potential violation to the sequestration order, and the veracity of their testimony, any prejudice was "cured," *id.*, and Helton cannot show that he was prejudiced by Rossman's failure to object under Rule 615. Therefore, because Helton has shown neither deficient performance nor prejudice for Rossman's failure to object concerning the sequestration of witnesses, the Court overrules his objection on this issue.

### F. Certificate of Appealability

Finally, the Court finds that a Certificate of Appealability should not issue. Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court should grant a certificate of appealability only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In her Recommendation, Judge Smith determined that reasonable jurists would not debate the denial of Helton's motion. [R. 224, p. 18]. It is unclear if Helton objects to this finding, *see* [R. 225, pp. 5–6], but even so, this Court agrees with Magistrate Judge Smith that a certificate of appealability is inappropriate because Helton has not made the required showing. As such, no Certificate of Appealability shall issue.

IV.  **CONCLUSION**

For the reasons stated above, **IT IS HEREBY ORDERED** as follows:

1. The Court **OVERRULES** Defendant John D. Helton's Objections, [**R. 225**].

2. As supplemented by this Order, the Court **ADOPTS** Magistrate Judge Smith's Recommendation, [**R. 224**], as the opinion of this Court.

3. Defendant Helton's Motion to Vacate, Set Aside, or Correct Sentence, [**R. 212**], is hereby **DENIED**.

4. No Certificate of Appealability shall issue.

5. A separate judgment shall be issued contemporaneously with this Order.

This the 5th day of May, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY